### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MAINE

|  |  |
|---|---|
| BAY COMMUNICATIONS III LLC, | ) ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| CITY OF ROCKLAND and CITY OF ROCKLAND PLANNING BOARD | ) ) ) |
| Defendants. | ) ) ) |

## COMPLAINT

This action arises out of the unlawful denial by the City of Rockland's Planning Board (the "Board") of an application by Bay Communications III LLC ("Bay"), to install, operate, and maintain a Wireless Telecommunications Facility (the "Facility") at 182 Camden Street, Rockland, Maine. The Board's decision effectively prohibits the provision of personal wireless services and was not based on substantial evidence and therefore violates Section 332(c)(7)(B) of the Federal Communications Act (the "Act"), 47 U.S.C. § 332(c)(7)(B).

## PARTIES

1. Plaintiff Bay Communications III LLC is a Delaware limited liability company with a place of business in Mansfield, Massachusetts. Bay is engaged in the business of developing sites for the deployment of "personal wireless services facilities" as that term is defined by federal law, 47 U.S.C. § 332(c)(7)(C)(ii). Bay develops these sites on behalf of providers of "personal wireless services" as that term is defined by federal statute, 47 U.S.C. § 332(c)(7)(C)(i) ("Personal Wireless Service Providers").

2. The Defendant City of Rockland (the "City") is a duly authorized municipality constituted and existing under the laws of the State of Maine.

3. The Defendant Board has been delegated the authority by the City to, among other things, approve applications for permits and variances under the City of Rockland's Zoning Ordinance (the "Ordinance").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, because this action arises under the laws of the United States, specifically Section 332(c)(7)(B) of the Act, 47 U.S.C. § 332(c).

5. Venue is proper in this Court under 28 U.S.C. § 1391(b). The defendants reside in this district, and the events and/or omissions giving rise to this action occurred in this district.

## FACTS

**I.   Personal Wireless Communications**

6. Bay owns and operates wireless and broadcast towers, which it leases to wireless service providers, broadcast companies, wireless data providers, and government agencies and municipalities.

7. Section 151 of the Act establishes a national policy to "make available, so far as possible, to all people of the United States, without discrimination . . . a rapid, efficient, Nation-wide, and world-wide wire and radio communication service with adequate facilities at reasonable charges, for the purpose of national defense, [and] for the purpose of promoting safety of life and property through the use of wire and radio communications." 47 U.S.C. § 151.

8. To help meet these policy goals, Bay builds and operates wireless and broadcast towers, and related equipment, known under federal statute as Personal Wireless Service Facilities, so that Personal Wireless Service Providers can provide service to local businesses, public safety entities, and the general public. To advance the national policies enumerated under

47 U.S.C. § 151, Bay collaborates with Personal Wireless Service Providers to ensure there is a network of "cell sites," each of which consists of antennas and related equipment designed to send and receive radio signals.

9. To determine the appropriate location of cell sites, engineers use complex computer programs to complete propagation studies. These propagation studies are based, in part, on the boundaries of the existing and planned coverage, the topography of the surrounding land, the presence or absence of structures, and other factors. To provide reliable service to users, coverage from cell sites must overlap in a grid pattern resembling a honeycomb. For a wireless network to perform, cell sites must be located, constructed, and operated so that reliable service can be achieved. If there is no functioning cell site within a given area, or if the cell sites around an area lack sufficient capacity to handle the amount of customer demand for limited wireless spectrum, there will not be reliable service for customers within that area, and customers who live or travel in the area will experience an unacceptable level of dropped calls and call connection failures.

10. The results of a radio frequency propagation study revealed a significant gap in wireless service coverage along the heavily developed corridor along U.S. Route 1 in the vicinity of 182 Camden Street. To remedy that significant gap in service, an additional cell site in Rockland, Maine is required. The existence, location, and size of the gap were undisputed.

11. Radio frequency engineers identified a search area within which a new facility would need to be constructed to remedy the significant gap in service. Bay undertook an investigation of the area to find feasible locations for installation of a personal wireless facility to remedy the significant gap in service. As a result of that investigation, Bay identified the property located at 182 Camden Street, Rockland, Maine (the "Site") as the appropriate and

available location for the installation of a wireless telecommunications facility to fill the substantial and significant gap in wireless service.

## II. Federal Statutory Control Over Wireless Siting

12. Section 332(c)(7) of the Act, 47 U.S.C. § 332(c), governs federal, state, and local government regulation of the siting of "personal wireless service" facilities such as the Facility proposed by Bay. It provides, in relevant part, that:

> (i) The regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government or instrumentality thereof –
>
> * * *
>
> II. shall not prohibit or have the effect of prohibiting the provision of personal wireless services.
>
> * * *
>
> (ii) A State or local government or instrumentality thereof shall act on any request for authorization to place, construct, or modify personal wireless service facilities within a reasonable period of time after the request is duly filed with such government or instrumentality, taking into account the nature and scope of such request.
>
> (iii) Any decision by a state or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record.

47 U.S.C. § 332(c)(7)(B).

13. The Act further provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) may seek review in the federal courts, and the court "shall hear and decide such action on an expedited basis." 47 U.S.C. § 332(c)(7)(B)(v).

### III.  Action By The City

14.  On or about September 9, 2019, Bay applied to the Board for a permit and a special use class approval to construct a 120' monopole tower at the Site, together with antennas and equipment cabinets required for the Facility at the Site (the "Application").

15.  At its November 5, 2019, meeting, the Board voted to find the Application complete.

16.  Bay also appeared at the Board's January 7, 2020, and February 18, 2020, meetings, during which Bay introduced evidence, including radio frequency coverage maps and testimony, demonstrating that there is a significant gap in wireless personal communications services in the City that could be addressed through the proposed Facility, and that the height sought by Bay was necessary to address this service gap.  This evidence was again undisputed.

17.  During the February 18, 2020, meeting, the Board voted to deny the Application.  As of the date of filing, the Board has yet to issue a written decision.

18.  The Act imposes limits on the decisions of state or local governments regarding the location, construction, and modification of personal wireless facilities.  47 U.S.C. § 332(c)(7)(B)(i)-(iv).  Among other things, "[i]f a [municipal] decision is not supported by substantial evidence, § 332(c)(7)(B)(iii), or it if effectively prohibits the provision of wireless service, § 332(c)(7)(B)(i)(II), then under the Supremacy Clause of the Constitution, local law is pre-empted in order to effectuate the [Act]'s national policy goals."  Second Generation Props. L.P. v. City of Pelham, 313 F.3d 620, 627 (1st Cir. 2002).

19.  The Board's denial of Bay's Application has the effect of prohibiting the provision of personal wireless services in violation of the Act because it materially inhibits the provision of Personal Wireless Services.

20. Moreover, the Board's decision is not supported by substantial evidence because there is no written decision. Further, the uncontroverted evidence before the Board establishes it was appropriate for the Board to grant the Application. For example, the Board purported to deny the Application at least in part by relying on an inapplicable zoning regulation. Specifically, the Board inaccurately claimed that the Commercial Corridor Overlay Zone regulation applied to the Site.

21. The Board's denial of Bay's Application is therefore in clear contravention of Section 332(c)(7)(B).

22. Bay has suffered and will continue to suffer irreparable harm by reason of the Board's actions.

23. Such irreparable harm will continue unless the violations are enjoined by this Court. Further, Bay is without an adequate legal remedy to prevent such violations.

24. This complaint is timely filed pursuant to 47 U.S.C. § 332(c)(7)(B)(v).

## COUNT I
**(Violation of 47 U.S.C. § 332(c)(7)(B)(i)(II) – Effective Prohibition Of Service)**

25. Bay hereby adopts and incorporates by reference as if fully stated herein the allegations contained in paragraphs 1 through 24.

26. Article VI, Clause 2 of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution, and the laws of the United States which shall be made in pursuance thereof . . . shall be the supreme law of the land; and the judges in every state shall be bound thereby, anything in the Constitution or laws of any state to the contrary notwithstanding."

27. The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities, and under the Supremacy Clause, preempts other laws,

regulations, ordinances, or by-laws affecting such facilities to the extent that such laws, regulations, ordinances, and by-laws conflict with federal law.

28. The Application constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of Section 332(c)(7)(B).

29. Pursuant to 47 U.S.C. § 332(c)(7)(B)(i)(II), "[t]he regulation of the placement, construction, and modification of personal wireless service facilities by any State or local government of instrumentality thereof . . . shall not prohibit or have the effect of prohibiting the provision of personal wireless services." 47 U.S.C. § 332(c)(7)(B)(i)(II).

30. There is a significant gap in personal wireless service in the area surrounding the Site.

31. There is no existing structure or property in or near the search area in the vicinity of the Site that is both reasonably available and technologically feasible to remedy the significant gap in personal wireless service in the area.

32. The Site is the only feasible alternative to remedy the significant gap in personal wireless service.

33. The Board's denial of the Application effectively prohibits Bay, in collaboration with Personal Wireless Service Providers, from providing personal wireless service in the significant gap area.

34. The Board's denial of the Application also materially inhibits the provision of wireless services, including the ability to introduce new services or otherwise improve existing services.

35. Consequently, the Board's denial of the Application is in violation of, and preempted by, Section 332(c)(7)(B)(i)(II) of the Act, and should be set aside and enjoined by the

Court on that basis. Further, this Court should exercise its power to issue an order directing the Board to approve the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site.

## COUNT II
### (Violation of 47 U.S.C. § 332(c)(7)(B)(iii) – Substantial Evidence)

36. Plaintiff incorporates by reference and re-alleges the foregoing factual allegations in paragraphs 1 through 35 as if fully set forth herein.

37. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii), "[a]ny decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

38. The Board's decision denying the Application is not supported by substantial evidence contained in a written record.

39. Consequently, the Board's action is in violation of, and preempted by, Section 332(c)(7)(B)(iii) of the Act, and should be set aside and enjoined by the Court on that basis. Further, this Court should exercise its power to issue an order directing the Board to approve the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site.

## PRAYERS FOR RELIEF

WHEREFORE, Bay respectfully requests:

A. A declaration and judgment that the Board's actions violated Section 332(c)(7)(B) of the Act and are therefore void and invalid;

B. A declaration and judgment that the Board's actions are preempted by Section 332(c)(7)(B) of the Act and are therefore void and invalid;

C.  A declaration of the respective rights and obligations of the parties;

D.  An order mandating that the Board grant approval of the Application and all other permits and approvals necessary to construct, maintain, and operate the Facility at the Site;

E.  An expedited review of the matters set forth in this Complaint pursuant to 47 U.S.C. § 332(c)(7)(B)(v);

F.  An award of Plaintiff's costs of suit herein, including reasonable attorneys' fees; and

G.  Such other and further relief as the Court deems just and proper.

Dated:  March 17, 2020

                              **BAY COMMUNICATIONS III LLC**

                              By its attorneys,

                              */s/ Kellie W. Fisher*
                              Kellie W. Fisher
                              David M. Kallin
                              DRUMMOND WOODSUM
                              84 Marginal Way, Suite 600
                              Portland, ME 04101
                              Telephone: (207) 772-1941
                              Facsimile: (207) 772-3627
                              Email: kfisher@dwmlaw.com
                                        dkallin@dwmlaw.com

                              - and -

                              BROWN RUDNICK LLP
                              Wayne F. Dennison
                              (*pro hac vice* application to be filed)
                              wdennison@brownrudnick.com
                              One Financial Center
                              Boston, MA 02111
                              Telephone: (617) 856-8200
                              Facsimile: (617) 856-8201

                              Kelsey D. Bond
                              (*pro hac vice* application to be filed)
                              kbond@brownrudnick.com
                              185 Asylum Street
                              Hartford, CT 06107

Final:
Telephone: (860) 509-6500  
Facsimile: (860) 509-6501

Telephone: (860) 509-6500  
Facsimile: (860) 509-6501

Case 2:20-cv-00100-LEW   Document 1   Filed 03/17/20   Page 10 of 10   PageID #: 10