UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BAY COMMUNICATIONS III LLC, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00100-LEW |
| | ) | |
| CITY OF ROCKLAND *et al.*, | ) | |
| | ) | |
| Defendants | ) | |

### ORDER

In November of 2020, counsel of record executed and filed on behalf of their respective clients their Agreement for Judgment, specifying that judgment would enter in favor of Plaintiff Bay Communications III on Count I of the Complaint upon my endorsement of the Agreement. I endorsed the Agreement and the Clerk entered the Court's Judgment on the docket.

Pursuant to the Agreement for Judgment, the parties stipulated that the Rockland Planning Board's decision denying Plaintiff's application for approval of the erection of a telecommunications facility would be vacated and that the City and the Board would "grant all necessary special exceptions, special use classes, site plan review approvals, variances, waivers, permits and any and all other required approvals necessary [sic] pursuant to the Zoning and Planning and Site Plan Ordinances of the City of Rockland …." Agreement for Judgment ¶ 1 (ECF No. 21). The parties further agreed "that other than the [foregoing] [z]oning [r]elief no further approvals or decisions [were] needed from the Board, the

Rockland Zoning Board of Appeals, or the Rockland City Council in order for Bay to be authorized to construct the Facility in accordance with [its] Site Plan." *Id.* ¶ 3.

In January, Plaintiff filed its Motion for Contempt (ECF No. 23). Plaintiff represents in its motion papers that Defendants have failed to comply with the Agreement for Judgment, the terms of which are now incorporated in the Court's Judgment. Specifically, the Planning Board has declined to grant its approval to the application. Plaintiff proposes that I find and hold Defendants in contempt, impose a sanction of $1000 per day until Defendants carry out the acts itemized in the Judgment, and order the citizens of Rockland to pay Plaintiff's attorney fees.

In February, new counsel entered her appearance on behalf of the Planning Board and filed an omnibus motion for substitution of counsel, relief from judgment, and summary judgment (replete with a request for oral argument). "Board Opposition and Motion" (ECF Nos. 26/28). Meanwhile, on even date, Rockland's counsel filed an opposition purportedly on behalf of both the City and the Planning Board. "City Opposition" (ECF No. 27). Through the filing, counsel report that "the City is willing, upon disposition of any motions the Planning Board may bring in this action, to enter into [a] proposed Amended Judgment … that would have this Court deem the [z]oning [r]elief to be issued … without the Board's approval …." *Id.* at 2 (emphasis added).

In due course, Plaintiff and the City filed their responses to the Planning Board's Opposition and Motion, and Plaintiff also represented it would agree to the City's proposed Amended Agreement for Judgment, which includes the stipulation that Plaintiff will withdraw its Motion for Contempt.

## DISCUSSION

The sticking point in this matter stems from the terms of the Agreement for Judgment, which states that the Planning Board will carry out certain acts to conclude the permitting process. Evidently, neither Rockland's City Council nor Rockland's litigation counsel informed the Planning Board that the City was going to settle the action, let alone that it intended to agree to a judgment that would enjoin the Planning Board to take action in support of Bay Communications III's application. As it turns out, the Planning Board objects to the arrangement because it perceives that the zoning relief specified in the Agreement for Judgment flies in the face of the applicable ordinance given the facts on the ground, disregards the separate jurisdiction of the Rockland Zoning Board of Appeals, and, in effect, compels the members of the Planning Board to violate the oaths they took to uphold Rockland's ordinances.

The Planning Board members' steadfast adherence to their oaths and their umbrage at the City Council's and legal counsel's contumely is appreciable, though ultimately Quixotic. In the first and effectively last analysis, the Planning Board has no standing to undermine the City's settlement with Bay Communications III because the Planning Board is, at most, a nominal party in this action, lacking standing to sue or be sued and unnecessary to achieving full and final relief. *See Inhabitants of Town of Boothbay Harbor v. Russell*, 410 A.2d 554, 560-61 & 557 n.3 (Me. 1980) (rejecting the idea that a zoning board or one of its members might be a partisan in actions pertaining to its decisions); *see also Levesque v. Inhabitants of Town of Eliot*, 448 A.2d 876 n.1 (Me. 1982) ("delet[ing]" planning board from the docket in appeal from zoning decision).

Bay Communications III, through its Complaint, and the Planning Board, through its Opposition and Motions, confused the Planning Board's jurisdiction to act on the site plan application with the legal status to sue or be sued in relation to the exercise of that jurisdiction. In fact, the City of Rockland as municipal entity is the only proper defendant and, as such, its legal counsel, duly authorized by its City Council, has the authority to effectuate a settlement of a Federal Communications Act zoning dispute once and for all, notwithstanding the Planning Board's objection concerning a matter ordinarily within its jurisdiction pursuant to a Rockland zoning ordinance. 30-A M.R.S. §§ 2002, 2004; City of Rockland Charter art. II, § 204 & art. IV, § 406.

## CONCLUSION

The disposition will be as follows:

Defendant Town of Rockland Planning Board is DISMISSED from this action and its motions (see ECF No. 28) are likewise DISMISSED. In accordance with Plaintiff Bay Communications III's representation that it is amenable to entry of an amended judgment that will resolve the dispute without the need for further action on the part of the Planning Board, which amended judgment stipulates the withdrawal of the request for sanctions, Plaintiff's Motion for Contempt (ECF No. 23) is effectively WITHDRAWN. The Court will separately endorse the Amended Agreement for Judgment put forward by Defendant City of Rockland (see ECF No. 27-1).

**SO ORDERED.**

Dated this 26th day of April, 2021.

                                              /s/ Lance E. Walker
                                        UNITED STATES DISTRICT JUDGE